# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandra Figueroa Nunez, | No. CV-26-04911-PHX-JZB |
| Petitioner, | **ORDER** |
| v. | |
| Markwayne Mullin, et al., | |
| Respondents. | |

On July 14, 2026, Petitioner filed her Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1.) Petitioner asserts, amongst other grounds, that she is incorrectly detained pursuant to 8 U.S.C. § 1225(b)(2), where she should be considered detained under 8 U.S.C. § 1226(a) and be eligible for a bond hearing. (Doc. 1 at 15.) Pursuant to General Order 26-09, Respondents were required to file a response within seven days. (Doc. 4.) On July 16, 2026, Respondents filed their Response, wherein they state:

> Respondents hereby respond to the Petition for Writ of Habeas Corpus (Doc. 1) and to the Court's Order to Show Cause (Doc. 4). Respondents do not oppose the request for a bond hearing pursuant to 8 U.S.C. § 1226(a).

(Doc. 7 at 1.)

Based upon Respondents' non-opposition,[1] and considering undersigned's independent review, the Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226 and not 8 U.S.C. § 1225. *See Mediana v. Patrick*, No. 26-cv-01760-GPC-MSB, 2026

---

[1] The Court notes that Petitioner has not filed a reply. However, based upon a review of the Petition and Response, the Court finds a reply unnecessary to inform this decision.

U.S. Dist. LEXIS 63553, at *2 (S.D. Cal. Mar. 25, 2026) (noting that, due to the respondents' non-opposition, that they "have 'effectively concede[d]' that Petitioner is detained under § 1226(a) rather than § 1225(b)(2) and has been unlawfully denied a bond hearing") (quoting *Vardanyan v. Noem*, No. 5:26-cv-00423-MRA-RAO, 2026 U.S. Dist. LEXIS 30651, at *4 (C.D. Cal. Feb. 11, 2026)). Consequently, "Petitioner is entitled to a bond hearing under § 1226(a)[.]" *See Echevarria v. Bondi*, No. CV-25-03252, 2025 U.S. Dist. LEXIS 196174, at *30 (D. Ariz. Oct. 3, 2025); *see also Garcia v. Noem*, 803 F. Supp. 3d 1064, 1077–78 (S.D. Cal. 2025) ("As such, the Court finds that the specific harm alleged—that Petitioners are unlawfully barred from receiving a bond hearing under the proper statute—is remedied by granting Petitioners' request for a bond hearing under § 1226(a) and enjoining Respondents from denying bond on the basis that they are detained under § 1225(b)(2).") (citation omitted).

Accordingly,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (doc. 1) is **GRANTED** to the extent discussed herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with an individualized bond hearing within **SEVEN (7) CALENDAR DAYS** or release Petitioner from custody under the same conditions that existed before Petitioner's detention within **SEVEN (7) CALENDAR DAYS**.

**IT IS FURTHER ORDERED** that Respondents shall provide a notice of compliance within **THREE (3) DAYS** of releasing Petitioner or providing a bond hearing.

**IT IS FURTHER ORDERED** that any pending motions are denied as moot and any scheduled hearings in this action are vacated. The Clerk of Court is kindly directed to enter judgment in Petitioner's favor and close this case.

Dated this 16th day of July, 2026.

Honorable John Z. Boyle
United States Magistrate Judge

- 2 -